

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
Tel 973 538-6890
Fax 973 540-9015
www.jacksonlewis.com
Richard J. Cino - Managing Shareholder

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | NAPA, CA | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | OVERLAND PARK, KS | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MILWAUKEE, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MORRISTOWN, NJ | PROVIDENCE, RI | |

JOHN K. BENNETT
Email Address: bennettj@jacksonlewis.com

LINDA J. POSLUSZNY
Email Address: posluszl@jacksonlewis.com

October 17, 2014

**VIA ECF & REGULAR MAIL**
Honorable Cathy L. Waldor, U.S.M.J.
United States District Court for the
District of New Jersey
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:    Robinson v. Rutgers University, et als.
       Civil Action No. 13-5622 (SRC)(CLW)

Dear Judge Waldor:

      We write to advise the Court of a number of discovery issues that have arisen in this matter. Specifically, Plaintiff has failed to correct numerous deficiencies with her discovery responses; to provide completed and executed authorizations for medical, military, disability, and social security records; and to provide an executed Discovery Confidentiality Order.

      In a letter dated August 19, 2014, Defendants informed Plaintiff of numerous deficiencies with her discovery responses, and requested that she correct same by August 27, 2014. See Exhibit A. Plaintiff, however, failed to respond to Defendants' letter. Thereafter, in letters dated September 4, September 12, and October 1, 2014, Defendants advised Plaintiff that her continued failure to address the deficiencies with her discovery responses would leave Defendants with no choice but to contact the Court to advise of these issues. See Exhibit B. To date, Plaintiff has not responded to any of Defendants' letters.

      In addition to Plaintiff's failure to correct the deficiencies with her written discovery responses, Plaintiff has also failed to complete and return a number of authorizations. Importantly, during the parties July 23, 2014 telephone status conference with the Court, Plaintiff's counsel agreed to provide completed and executed authorizations for employment,



Honorable Cathy L. Waldor, U.S.M.J.
United States District Court for the
District of New Jersey
October 17, 2014
Page 2

medical, military, disability and social security records.  Further, the Court ordered Plaintiff to provide same no later than July 29, 2014.  To date, several authorizations remain outstanding, including, but not limited to, authorizations for Plaintiff's military, disability, and social security records, as well as authorizations subsequently sent to Plaintiff's counsel for medical records from Drs. Sarala Maddali, Robert Dennis and Carl Mercurio.

Finally, on August 19, 2014, counsel for Defendants forwarded a proposed Discovery Confidentiality Order and proposed Certification ("Order"), which complies with L. Civ. R. 5.3, to Plaintiff's counsel to address concerns regarding the production of certain information and documents.  To date, Plaintiff's counsel has failed to respond with any changes to the Order, or to execute and return the Order.  This is so despite several letters from Defendants requesting same.  See Exhibit B.

We have tried to schedule Plaintiff's deposition, but have been unable to do so. With approximately one month remaining for fact discovery, Defendants respectfully request the Court's assistance in resolving these discovery issues.

We thank the Court for its attention to this matter.

Very truly yours,

JACKSON LEWIS P.C.


s/John K. Bennett
John K. Bennett
Linda J. Posluszny

JKB/LJP:tcm
Enclosures

# EXHIBIT A



Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
Tel 973 538-6890
Fax 973 540-9015
www.jacksonlewis.com
Richard J. Cino - Managing Shareholder

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
AUSTIN, TX
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DAYTON, OH
DENVER, CO
DETROIT, MI

GRAND RAPIDS, MI
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MEMPHIS, TN
MIAMI, FL
MILWAUKEE, WI
MINNEAPOLIS, MN
MORRISTOWN, NJ

NAPA, CA
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
OVERLAND PARK, KS
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR
PORTSMOUTH, NH
PROVIDENCE, RI

RALEIGH-DURHAM, NC
RAPID CITY, SD
RICHMOND, VA
SACRAMENTO, CA
SAINT LOUIS, MO
SAN DIEGO, CA
SAN FRANCISCO, CA
SAN JUAN, PR
SEATTLE, WA
STAMFORD, CT
TAMPA, FL
WASHINGTON, DC REGION
WHITE PLAINS, NY

JOHN K. BENNETT
Email Address: bennettj@jacksonlewis.com

LINDA J. POSLUSZNY
Email Address: posluszl@jacksonlewis.com

August 19, 2014

**VIA ELECTRONIC & OVERNIGHT MAIL**
Luretha M. Stribling, Esq.
Luretha M. Stribling LLC
133 Westfield Avenue
Suite 4
Clark, NJ  07066

Re:   Robinson v. Rutgers University, et als.
      Civil Action No. 13-5622 (SRC)(CLW)

Dear Ms. Stribling:

We received Plaintiff Tamara Robinson's ("Plaintiff") responses to Defendants' First Set of Interrogatories and First Request for the Production of Documents. Following our review of Plaintiff's responses, we note several deficiencies, which are detailed below.

**I.    Authorizations**

During the parties July 23, 2014 telephone status conference with the Court, Plaintiff was ordered to provide completed and executed authorizations to Defendants no later than July 29, 2014. On July 28, 2014, we received a number of completed and executed authorizations from Plaintiff. As discussed during our call on July 31, 2014, the following authorizations were not completed and returned:

1.  Two (2) Medical and Three (3) Psychotherapy Notes Authorizations: Although we received one completed and executed Medical Authorization, Plaintiff failed to complete and return the remaining medical and psychotherapy notes authorizations. Please complete one authorization for each and every expert, doctor or health care professional who has treated you within the last ten (10) years (for any mental health professional--e.g., psychiatrist, psychologist, social worker for your entire lifetime), by filling in the name and address of the expert, doctor or health care professional on the first page of each authorization in the blank spaces following Point 1 and executing the authorizations where indicated.



Luretha M. Stribling, Esq.
Luretha M. Stribling LLC
August 19, 2014
Page 2

2. <u>Request Pertaining to Military Records</u>: Plaintiff returned this authorization without executing same on July 29, 2014.  Please have Plaintiff sign and date this authorization.

3. <u>Authorization for the Release of Medical, Disability, Social Security and Mental Health Records</u>:  Plaintiff failed to return an executed copy of this authorization.  Please have Plaintiff sign and date this authorization.

4. <u>SSA Consent for the Release of Information</u>: Plaintiff failed to return an executed copy of this authorization.  Please have Plaintiff sign and date this authorization.

5. <u>SSA Request for Earnings Records</u>: Plaintiff failed to return an executed copy of this authorization.  Please have Plaintiff sign and date this authorization.

During our call on July 31, 2014, you indicated that these authorizations would be executed and returned to us promptly.  However, to date, we have not received these authorizations despite the fact they were due no later than July 29, 2014.  As such, please return the enclosed authorizations completed and executed by Plaintiff as soon as possible, but no later than five (5) business days from your receipt of this letter, or we will promptly contact the Court and advise of these discovery issues.

**II.   Plaintiff's Responses to Defendants' First Set of Interrogatories**

Plaintiff's responses to Defendants' First Set of Interrogatories are deficient in a number of respects.  As an initial matter, in response to Interrogatory Nos. 5 and 6, Plaintiff objects and states that, "after entry into a Confidentiality Order and Protective Order, requested information may be provided."  We received a copy of the "Discovery Confidentiality Consent Order and Protective Order" you prepared, however, same does not comply with L. Civ. R. 5.3. As such, we prepared and enclose a Discovery Confidentiality Order and proposed Certification, which complies with L. Civ. R. 5.3, that we would like to file with the Court in this matter. Please review and sign the enclosed Order and return it to us for filing with the Court. Thereafter, please promptly provide complete responses to Interrogatory Nos. 5 and 6.

Plaintiff's Interrogatory responses are also deficient for the following additional reasons.

**Interrogatory No. 7**: Identify any grievance(s) or complaint(s) you allege that you made regarding your supervisors, Defendant Rutgers' policies or the conduct of Defendants by identifying the nature and basis of each grievance or complaint; the person to whom each grievance or complaint was made; the action(s) taken by such persons in response to your grievance or complaint; and the date when each grievance or complaint was made.



Luretha M. Stribling, Esq.
Luretha M. Stribling LLC
August 19, 2014
Page 3

**Response**: In the past three years I have filed about three grievances. The grievances were filed because of being repeatedly disciplinary write-ups. I was not in agreement with the write-ups and therefore requested a grievance hearing.

1.      Most recently, in June of 2014, I grieved the evaluation given to me as the rating was low and I did not believe that I earned a low score like that.

2.      In July of 2012, I was written up by Siryon as it was claimed that I disrespected him and left my post. I grieved this disciplinary action. After being written up and requesting reconsideration of the decision reached, I was suspended for ten days. This was September 21, 2012 that I received the disciplinary action and the reconsideration was requested on January 7, 2013.

3.      On March 1, 2013, I grieved a write-up that I received related to the policy on using days allocated by the job. I was written up for using my days and grieved this disciplinary action. There have been prior grievances which I am unable to provide dates for.

Plaintiff's response to this interrogatory is deficient. In her response, Plaintiff fails to identify the person to whom each grievance was made, and the action(s) taken by such person in response to each grievance or complaint. Accordingly, please provide a full and complete response to this interrogatory.

**Interrogatory No. 9**: If you have ever been involved in any civil legal action (worker's compensation claims included), either as defendant or plaintiff, or filed a charge or complaint with any administrative agency, state the date and place of each such action, including the name of the court and parties involved; the court docket number of all such actions; the names of attorneys representing each party; a description of the nature of each such action, including the disposition of each such action; whether or not there was an appeal and, if so, the result thereof including the name and citation of each case reported; and the amount of any settlement or judgment obtained in each such case.

**Response**: I filed the complaint with the Equal Employment Opportunity Commission on about March 29, 2013. I have filed no other lawsuits with the exception of the present lawsuit.

Plaintiff's response to this interrogatory is deficient. Plaintiff improperly limits her response by stating that, "I have filed no other lawsuits." This interrogatory is not limited to "lawsuits," but requests information regarding "any civil legal action (worker's compensation claims included) . . . or filed a charge or complaint with any administrative agency." Further, this interrogatory is not limited to civil legal actions filed by Plaintiff, but specifically requests information regarding civil legal actions involving Plaintiff "either as defendant or plaintiff." Accordingly, please provide a full and complete response to this interrogatory.



**Interrogatory No. 13**:  Set forth in detail each and every alleged discriminatory comment and/or action made to and/or directed to Plaintiff.  With respect to each alleged comment and/or action, state the identity of the individual who made the alleged comment and/or action; the date the alleged comment and/or action was made; the location where the alleged comment and/or action was made; and the identity of any witnesses present when the alleged comment and/or action was made.

**Response**:  Objection is made to this request as it is cumbersome and Plaintiff cannot provide details of each and every instance that a comment was made. Without waiving that objection, the following information is provided.  Siryon made comments about how I looked in clothing that I put on after my shift was over.  Siryon also winked at me.  This was in the year 2010.  In about 2011, Siryon told me to do push-ups so he could look at my buttocks just as he had done for my co-worker.  He told a co-worker to do push-ups and he watched her butt as she did push-ups.  I viewed the actions of Siryon as discriminatory based on gender and I was sexually harassed.  I was called retarded later by Rabar.

Plaintiff's response to this interrogatory is deficient.  Specifically, Plaintiff fails to set forth the location where the alleged comment and/or action was made, and the identity of any witnesses present when the alleged comment and/or action was made.  Accordingly, please provide a full and complete response to this interrogatory.

**III.**   **Plaintiff's Responses to Defendants' First Request for the Production of Documents**

Plaintiff's responses to Defendants' First Request for the Production of Documents are also deficient in a number of respects. As an initial matter, the rules require the party responding to such requests to organize and label such documents to correspond to the categories set forth in the request. Fed. R. Civ. P. 34(b)(2)(E). Plaintiff's production of documents without any labels that correspond to the categories she references, such as "Disciplinary documents" or "EEOC documents," fails to comply with the applicable rules. As such, we have bates stamped the documents previously produced by Plaintiff and enclose them here.  Please review these documents and identify the requests to which they are responsive as required by the Federal Rules of Civil Procedure.

Further, in response to a number of requests, including Request Nos. 6, 8, 10, 12, 16, 18, 20, 21, 22, 23, 29, 31, 50, 51, 53, 56, 58, 59, 60, 63, 66, 70, 74, 77, and 81, Plaintiff simply indicates that, "Responsive documents are the documents submitted to Corporate Compliance." It appears, however, that Plaintiff has not attached these documents and has not set forth in any detail those documents she contends were "submitted to Corporate Compliance." Accordingly, please provide the documents Plaintiff contends were "submitted to Corporate Compliance" or, if these documents were produced, indicate same by bates number.



Luretha M. Stribling, Esq.
Luretha M. Stribling LLC
August 19, 2014
Page 5

Likewise, in response to a number of requests, including Request Nos. 18 and 84, Plaintiff refers to "emails" and "electronic communications," but it does not appear that Plaintiff attached these documents. Accordingly, please provide the documents referenced by Plaintiff or, if these documents were produced, indicate same by bates number. Further, in response to Request Nos. 68, 86 and 91, Plaintiff indicates that documents will be provided to Defendants, including a copy of her resume and pay stubs. To date, Defendants have not received same. Accordingly, please provide these documents promptly.

Plaintiff's responses to Defendants' First Request for the Production of Documents are also deficient for the following additional reasons.

> **Request No. 7:** Any and all documents substantiating, relating or referring to Plaintiff's allegations contained in paragraph 25 of the First Amended Complaint that Plaintiff was stymied by the actions of Siryon and in 2012 reported the treatment that she was being subjected to by Siryon to her union representative.

> **Response:** Communications with the union rep. were verbal, however, responsive documents are grievances filed by Plaintiff.

Plaintiff's response to this request is deficient as Plaintiff fails to provide copies of the documents identified in her response, specifically "grievances filed by Plaintiff." Please promptly provide copies of the documents referenced by Plaintiff in her response or, if these documents were produced, indicate same by bates number.

> **Request No. 87:** If you claim that your damages include lost wages, please produce all documents relating to lost wages and other losses alleged by the Plaintiff due to the events which are the subject matter of this action, including, but not limited to Plaintiff's state and federal tax returns from 2009 to present, including all schedules, W-2s, and 1099s, from 2009 to present.

> **Response:** Objection is made to this demand as it is overbroad and cumbersome. Without waiving the objection, with narrowing of the request an answer may be forthcoming.

Plaintiff's objection to this request is improper. This request is neither overbroad nor cumbersome. Rather, it is properly limited to "Plaintiff's state and federal tax returns from 2009 to present, including all schedules, W-2s, and 1099s, from 2009 to present." These documents are relevant to Plaintiff's claims, particularly Plaintiff's claim for damages. Accordingly, please provide a full and complete response to this interrogatory.

> **Request No. 99:** All personal diaries, logs, calendars, notebooks, other documents or things maintained by Plaintiff, which contain any references to or notations concerning events related to the subject matter of this litigation.



Luretha M. Stribling, Esq.
Luretha M. Stribling LLC
August 19, 2014
Page 6

**Response:**  Objection is made to this request as it is overbroad, invasive and not likely to lead to the discovery of relevant admissible evidence.

Plaintiff's objection to this request is improper.  This request is not overbroad or invasive, but is limited to personal diaries, logs, calendars, notebooks, other documents or things maintained by Plaintiff.  Further, the request is specifically limited to "references to or notations **concerning events related to the subject matter of this litigation**." Thus, Plaintiff's objection is improper as the request is properly limited and is likely to lead to the discovery of admissible evidence.

**Request No. 101:** Any and all audio recordings concerning this matter.

**Response:**  Objection is made to this request as it is vague and ambiguous and unclear.  With clarification of this request, an answer will be forthcoming.

Plaintiff's objection to this request is improper.  This request is clear and, as indicated, seeks any and all audio recordings concerning or related to the subject matter of this litigation.  Please provide a full and complete response to this request.  To the extent Plaintiff continues to assert the need for clarification of this request, please indicate precisely which term or terms are not clear.

**Request No. 102:** Any and all films, photographs, videotapes, or video recordings of any nature concerning this matter.

**Response:**  Objection is made to this request as it is unclear what is being requested.  With clarification of this request, an answer will be forthcoming.

Plaintiff's objection to this request is improper.  This request is clear and, as indicated, seeks any and all films, photographs, videotapes, or video recordings concerning or related to the subject matter of this litigation.  Please provide a full and complete response to this request. To the extent Plaintiff continues to assert the need for clarification of this request, please indicate precisely which term or terms are not clear.

**Request No. 103:** Any and all non-privileged documents relating or referring to Plaintiff's consultation with any attorney (s) in connection with this matter including, but not limited to, all engagement or retainer agreements, all bills received from each such attorney, all payments issued to each attorney in connection with such consultation(s), and all pertinent canceled checks, if any.

**Response:**  Objection is made to this request as it is invasive, violative of the attorney work product privilege.

Plaintiff's objection to this request is improper.  Plaintiff objects to the production of documents that may be entitled to "attorney work product privilege."  As set forth in the request, however, this request specifically extends to "any and all non-privileged documents."  Accordingly,



Luretha M. Stribling, Esq.
Luretha M. Stribling LLC
August 19, 2014
Page 7

Plaintiff must identify any documents responsive to this request that are not privileged and/or indicate that she has no such documents in her possession.

> **Request No. 104:** Any and all documents not specifically requested in the foregoing request to produce, which Plaintiff believes will support or in any way relate to Plaintiff's claims in this case.

> **Response:** Objection is made to this request as it seeks information which is protected by the attorney work product privilege.

Plaintiff's objection to this request is improper. Plaintiff objects to the production of documents that may be entitled to "attorney work product privilege." As set forth in the request, however, this request specifically extends to "any and all non-privileged documents." Accordingly, Plaintiff must identify any documents responsive to this request that are not privileged and/or indicate that she has no such documents in her possession.

*     *     *

Please provide the outstanding information detailed above by August 27, 2014. Should you have any questions, please do not hesitate to contact us.

Very truly yours,

JACKSON LEWIS P.C.

John K. Bennett
Linda J. Posluszny

JKB/LJP:tcm
Enclosures

# EXHIBIT B

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson lewis
## Attorneys at Law

**Jackson Lewis P.C.**
**220 Headquarters Plaza**
**East Tower, 7th Floor**
**Morristown, NJ 07960-6834**
**Tel 973 538-6890**
**Fax 973 540-9015**
**www.jacksonlewis.com**
**Richard J. Cino - Managing Shareholder**

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | NAPA, CA | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | OVERLAND PARK, KS | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MILWAUKEE, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MORRISTOWN, NJ | PROVIDENCE, RI | |

LINDA J. POSLUSZNY
Email Address: posluszl@jacksonlewis.com

September 4, 2014

**VIA ELECTRONIC & OVERNIGHT MAIL**
Luretha M. Stribling, Esq.
Luretha M. Stribling LLC
133 Westfield Avenue
Suite 4
Clark, NJ 07066

 Re: Robinson v. Rutgers University, et als.
  Civil Action No. 13-5622 (SRC)(CLW)

Dear Ms. Stribling:

We are writing to follow up on our August 19, 2014 letter noting deficiencies with Plaintiff's discovery responses. To date, we have not received a response to our deficiency letter, an executed copy of the Discovery Confidentiality Order, or executed authorizations for Plaintiff's medical, military, disability, or social security records. As you are aware, the Court ordered Plaintiff to provide executed authorizations no later than July 29, 2014. As such, these authorizations are now more than one month overdue.

It is imperative that we receive a response to our deficiency letter, an executed Discovery Confidentiality Order to be filed with the Court, and the completed and executed authorizations so that we can move forward with scheduling Plaintiff's deposition. Please forward us the completed and executed authorizations and executed Discovery Confidentiality Order by Wednesday, September 10, 2014, and a response to the deficiency letter no later than Friday, September 12, 2014. Please also forward us an executed authorization for Dr. Sarala Maddali, which is enclosed herein. Should Plaintiff continue to fail to provide the requested information by these dates, we will promptly contact the Court to advise of these discovery issues.

 Very truly yours,

 JACKSON LEWIS P.C.

 Linda J. Posluszny

LJP:tcm
cc: John K. Bennett, Esq. (via email)



Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
Tel 973 538-6890
Fax 973 540-9015
www.jacksonlewis.com
Richard J. Cino - Managing Shareholder

| ALBANY, NY | GRAND RAPIDS, MI | NAPA, CA | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | OVERLAND PARK, KS | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MILWAUKEE, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MORRISTOWN, NJ | PROVIDENCE, RI | |

LINDA J. POSLUSZNY
Email Address: posluszl@jacksonlewis.com

September 12, 2014

**VIA ELECTRONIC & OVERNIGHT MAIL**
Luretha M. Stribling, Esq.
Luretha M. Stribling LLC
133 Westfield Avenue
Suite 4
Clark, NJ  07066

          Re:    Robinson v. Rutgers University, et als.
                 Civil Action No. 13-5622 (SRC)(CLW)

Dear Ms. Stribling:

        We are writing regarding the status of discovery in this matter, and Plaintiff's continued failure to correct the deficiencies with her discovery responses.

        On August 19, 2014, Defendants forwarded a proposed Discovery Confidentiality Order and proposed Certification, which complies with L. Civ. R. 5.3, to your attention and asked that you promptly review, execute and return the Order to us. On September 4, 2014, we sent a letter to your attention to follow-up on the status of the Order and to request that the executed Order be returned to us by Wednesday, September 10, 2014. To date, we have not received the executed Order. Given the confidential nature of many of the records to be produced by Defendants in discovery, we cannot supply Defendants' responses until an executed Order is received. As such, please return same to us as soon as possible so that we may file the Discovery Confidentiality Order with the Court and supply Defendants' discovery responses.

        Additionally, we have not received a number of executed authorizations from Plaintiff. As you are aware, during the parties July 23, 2014 telephone status conference with the Court, Plaintiff was ordered to provide completed and executed authorizations to Defendants no later than July 29, 2014. However, to date, authorizations for Plaintiff's medical, military, disability, and social security records remain outstanding, as does the authorization to Dr. Sarala Maddali. Importantly, we have not been contacted by your office to explain the delay in providing these signed authorizations.

        Plaintiff also has not corrected the numerous deficiencies with her discovery responses as set forth in Defendants' August 19 and September 4, 2014 letters. As previously noted, it is imperative that we receive a response to our deficiency letter, an executed Discovery



Luretha M. Stribling, Esq.
Luretha M. Stribling LLC
September 12, 2014
Page 2

Confidentiality Order to be filed with the Court, and the completed and executed authorizations so that we can move forward with scheduling Plaintiff's deposition.

Please forward us the requested information and documents no later than Wednesday, September 17, 2014.  Should Plaintiff fail to provide the requested information by this date, we will contact the Court to advise of these discovery issues.

Very truly yours,

JACKSON LEWIS P.C.

Linda J. Posluszny

LJP:tcm
cc:    John K. Bennett, Esq. (via email)



Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis P.C. | ALBANY, NY | GRAND RAPIDS, MI | NAPA, CA | RALEIGH-DURHAM, NC |
|---|---|---|---|---|
| 220 Headquarters Plaza | ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| East Tower, 7th Floor | ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| Morristown, NJ 07960-6834 | AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| Tel 973 538-6890 | BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| Fax 973 540-9015 | BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| www.jacksonlewis.com | BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| Richard J. Cino - Managing Shareholder | CHICAGO, IL | LONG ISLAND, NY | OVERLAND PARK, KS | SAN JUAN, PR |
| | CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| | CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| | DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | TAMPA, FL |
| | DAYTON, OH | MILWAUKEE, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| | DENVER, CO | MINNEAPOLIS, MN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| | DETROIT, MI | MORRISTOWN, NJ | PROVIDENCE, RI | |

LINDA J. POSLUSZNY
Email Address: posluszl@jacksonlewis.com

October 1, 2014

**VIA ELECTRONIC & OVERNIGHT MAIL**
Luretha M. Stribling, Esq.
Luretha M. Stribling LLC
133 Westfield Avenue
Suite 4
Clark, NJ 07066

     Re:  Robinson v. Rutgers University, et als.
        Civil Action No. 13-5622 (SRC)(CLW)

Dear Ms. Stribling:

    We are writing to schedule Plaintiff Tamara Robinson's ("Plaintiff") deposition and to follow-up regarding the status of written discovery in this matter. Please advise regarding Plaintiff's availability for deposition on November 12, 13 or 14, 2014, so that we may issue the appropriate notice. If we do not hear from you regarding Plaintiff's availability on or before October 10, 2014, we will select one of these dates and issue the appropriate notice.

    With respect to written discovery, Defendants Rutgers, the State University of New Jersey, Carmelo Huertas, Alex Rabar, Varfee Siryon, and Jason Carrano's (collectively, "Defendants") forwarded a proposed Discovery Confidentiality Order and proposed Certification ("Order"), which complies with L. Civ. R. 5.3, to your attention on August 19, 2014 to address Defendants' concerns regarding the production of certain information and documents. As made clear to Plaintiff on numerous occasions, including via letters dated September 4 and 12, 2014, once the Order was agreed to, Defendants were fully prepared to provide their responses and objections to interrogatories and document requests.

    Despite these requests, we have not yet received the executed Order from you. Nevertheless, Defendants enclose answers to Plaintiff's first request for answers to interrogatories and responses to Plaintiff's first request for the production of documents. Also enclosed are documents marked D-0197 through D-0496. Please note we omitted any documents marked "Confidential" since Plaintiff has not executed and returned the Order.



Luretha M. Stribling, Esq.
Luretha M. Stribling LLC
October 1, 2014
Page 2

Additionally, Plaintiff's discovery remains deficient in a number of respects. First, we have not received a number of executed authorizations from Plaintiff. As you are aware, during the parties July 23, 2014 telephone status conference with the Court, Plaintiff was ordered to provide completed and executed authorizations to Defendants <u>no later than July 29, 2014</u>. However, to date, authorizations for Plaintiff's medical, military, disability, and social security records remain outstanding, as does the authorization to Dr. Sarala Maddali. Second, Plaintiff has not corrected the numerous deficiencies with her discovery responses as set forth in Defendants' August 19 and September 4, 2014 letters.

As previously noted, it is imperative that we receive a response to our deficiency letter, an executed Discovery Confidentiality Order to be filed with the Court, and the completed and executed authorizations. Should you have any questions, please feel free to contact me.

Very truly yours,

JACKSON LEWIS P.C.

Linda J. Posluszny

LJP:tcm
Enclosures
cc:     John K. Bennett, Esq. (via email w/encls.)