**Luretha Stribling, ESQ.**
133 Westfield Avenue, Clark, New Jersey 07066    (732) 956-0010 (P)    (732) 382-3384 (F)

October 22, 2014

Hon. Cathy L. Waldor, U.S.M.J.
United States District Court,
District of  New Jersey
Dr. Martin L. King Jr. Federal Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: <u>Robinson v. Rutgers University et al</u>,
    Civil Action Number: 13-cv-5622 (SRC) (CLW)

Dear Judge Waldor:

    I am in receipt of a the letter recently filed with the Court by John Bennett, Esq. in which he references deficiencies in  discovery that this counsel has submitted to Defense Counsel's office.  I have worked on this case and communicated  with Mrs. Posluszny, Esq. and have rarely spoken with Mr. Bennett.

    This counsel received and responded to the discovery demands which were received from Counsel for Rutgers University. On May 28, 2014, detailed answers were provided to the request for answers to interrogatories.  There were a total of  25 interrogatories received from Counsel for Defendants which required answers. On June 25, 2014, this Counsel provided responses to the request for production of documents with the responses to over 100 requests for documents faxed to Counsel for the Defendants  with notice to Counsel that the documents were being forwarded by mail.  I forwarded to Counsel a  Discovery Confidentiality Order for signing during the month of June 2014.  That Discovery

Confidentiality Order was not signed by Counsel for the Defendants.

    The telephone conference call was held with Your Honor on July 23, 2014.  This counsel forwarded to Counsel for the Defendants a Statement of Damages per the schedule ordered by the Court.  Authorizations for the Release of Records were endorsed by the Plaintiff and forwarded to Mrs. Posluszny via fax on July 28, 2014 and via mail. The Authorizations would have been hand delivered to Counsel's Office, however, there was agreement that the Authorizations could be mailed.  On July 31, 2014, this counsel contacted Mrs. Posluszny to discuss the Authorizations that were sent to her and to make sure that all Authorizations which were required had been received. This communication took place to make sure that all Authorizations needed had been provided because this Counsel had received a number of extra, generic Authorizations which did not have the name of the physician or entity listed on the Authorization from whom records were sought. It has been my experience that counsel will identify the entities from whom documents will be sought. It was my understanding during that telephone call with Mrs. Posluszny that it was not necessary to endorse the Authorizations which did not name an entity from whom records were sought.  The Authorizations that were forwarded to Defense Counsel's Office included the following: Cintas, The City of Norfolk in Norfolk, Virginia, United Parcel Service, Inc., David Fish, Executive Director of Legal Services, the New Jersey Department of Labor, Division of Workers Compensation, Dr. Galea of Union, New Jersey and the National Personnel Records Center.  There were also requests to obtain

Plaintiff's Military Records and Social Security Records, however, there was concerns about the need for these records and this Counsel wanted to obtain some direction from the Court on these requests as the documents are from a period of time greater than ten years ago and are unrelated to the present litigation.

Documents forwarded to Counsel for the Defendants included: Equal Employment Opportunity Commission documents, Department of Public Safety Administrative Submission Log Book, Plaintiff Performance Appraisals dated March 12, 2012-March 13, 2013 and March 2013-March of 2014, Electronic Communications, Staff Disciplinary Notices, Administrative Submissions and the Management/Supervisory Handbook.

This Counsel provided answers to discovery demands and provided objections where it was this Counsel's belief that objections were warranted. While Counsel for the Defendants has claimed that this Counsel has discovery deficiencies, it should be noted that the discovery responses received from the Defendants are quite deficient. This Counsel served twenty-five Interrogatory Requests on the Defendants. Of the twenty-five answers to Interrogatories received from the Defendants, there are eighteen deficient answers. The deficient interrogatories are Interrogatory Numbers 2, 3, 4, 5, 8, 9, 10, 12, 1314, 15, 17, 19, 20, 21, 23, 24 and 25. Most of the answers consist of objections. As an example of the type of answer received, Interrogatory Number 24 reads as follows: State whether you contend that any declaration against interest has been made with regard to the issues identified in this lawsuit by any person. If a declaration against interest has been made, please state what the substance of each

declaration against interest was, identify the person that made the declaration against interest, state who was present when the declaration against interest was made, the date it was made and the location where the declaration against interest was made. If the declaration against interest was made in writing, please append a copy of the declaration to these interrogatories. The answer provided is as follows: Defendants object to this interrogatory as it is overbroad, not properly limited in scope, unduly burdensome, harassing, seeks information wholly irrelevant to the allegations set forth in the complaint, and is not reasonably calculated to lead to discovery of admissible evidence. Defendants further object to this interrogatory as it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Moreover, Defendants object to this interrogatory to the extent calls for a legal conclusion regarding what may constitute a declaration against interest. Additionally, Defendants object to this interrogatory as it improperly seeks to impose obligations beyond those required by Fed. R. Civ. P. 33 by requesting the production of documents. Without waiving the foregoing objections, and to the extent this interrogatory is not objectionable, see declarations located within documents produced in discovery. Defendants reserve the right to amend or supplement this interrogatory response as necessary as discovery progresses.

It is unclear to this Counsel why Defendants have failed to provide requested information sought by Plaintiff and has responded to most of the interrogatories with long-winded objections and at the same time has complained to the Court that Plaintiff's answers are deficient. Unfortunately, the responses that Plaintiff

received to the request for the production of documents also consisted of a great number of objections. The Defendants were sent a request for documents which included only thirty document requests. The responses to this request consisted of 24 objections. For instance, document demand number 3 requested a copy of all insurance policies covering the causes of action identified in this litigation. The response was See Defendants' objection and answer to document demand No. 14. The response to document demand No. 14 was See Defendants' objection and response to Request No. 8. When this Counsel looked at the response to No. 8, the following objection was noted: In addition to the general objections set forth above, Defendants object to this document request as it is vague, overbroad, not properly limited in time or scope, unduly burdensome, harassing, seeks information and/or documents wholly irrelevant to the allegations set forth in the Complaint, and is not reasonably calculated to lead to discovery of admissible evidence. Defendants further object to this document request as it seeks confidential personal information, the disclosure of which may constitute a violation of third-party privacy rights. Moreover, Defendants object to this document request as documents pertaining to employees other than Plaintiff are irrelevant and do not tend to prove or disprove Plaintiff's claims. Additionally, Defendants object to this document request as it is vague and ambiguous and fails to define what is considered wrongful treatment. The document requests which are deficient are: document requests Numbers 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 2225, 26, 27 and 28.

The Defendants come to the Court seeking relief alleging that Plaintiff's discovery demands are deficient, however, Defendants have glaring deficiencies and have essentially placed the Plaintiff in the position of being denied information to which Plaintiff is entitled. It is not the position of the Defendants to determine what is relevant to the Plaintiff, yet that has been the position taken as Plaintiff has been denied discovery to which Plaintiff is entitled. Defendants on the other hand have been provided with responsive and reasonable answers and have displayed to the Court dissatisfaction as it is the belief evidently that Defendants are entitled to everything sought and the Plaintiff is entitled to nothing.

I have forwarded to Mrs. Posluszny a deficiency letter which references interrogatory deficiencies. (Ex. 1) Furthermore, while it has been stated that a Confidentiality Order that was to have been sent from the office of Defendants' Counsel to this Counsel has not been signed, what I have in my possession is a Certification of Linda J. Posluszny in Support of the Discovery Confidentiality Order Pursuant to L. Civ. R. 53, however, I cannot locate a Confidentiality Consent Order from the office of Defense Counsel.

I am requesting a Case Management Conference with the Court and further request that the Court review the discovery submissions made by Plaintiff and the submissions made by the Defendants. This Counsel is requesting that the Court Order regarding Sanctions be vacated as under the facts of what has transpired with regard to conveyance of discovery, Defendants have presented an inaccurate picture and come to the Court with unclean hands.

Please advise whether the Court will entertain the requests made by this Counsel with regard to the Case Management Conference and vacation of the Order regarding Sanctions.  Please ask a member of Your Honor's staff to call my office and advise  of whether the requests made will be granted. My new office number is (732) 956-0010.

Respectfully submitted,

/s/    Luretha M. Stribling

**EXHIBIT 1**

**Luretha Stribling, ESQ.**
**133 Westfield Avenue, Clark, New Jersey 07066    (732) 956-0010 (P)    (732) 382-3384 (F)**

October 19, 2014

Ms. Linda J. Posluszny,, Esq.
Jackson Lewis P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960

RE: <u>Tamara Robinson v. Rutgers University et al</u>,
    Docket Number: 13-cv-5622 (SRC)

Dear Ms. Posluszny:

I am in receipt of discovery from you as well as your answers to interrogatories and responses to the notice to produce. There are deficiencies in your responses to interrogatories which are noted below:

<u>Interrogatory Number 2</u>: You were asked to provide the name, contact information and title of each and every individual with knowledge regarding any of the relevant facts and circumstances of the within matter. You provided the names of the Defendants only and failed to explicitly provide the facts and circumstances. In addition, you failed to specifically identify Rutgers employees with knowledge regarding any of the relevant facts.

<u>Interrogatory Number 3</u>: You failed to provide an answer to this question in the noted space.

Interrogatory Number Four: You were asked to set forth the complete factual basis of each defense you will rely upon at trial. Your answer did not properly respond and provide the information requested.

Interrogatory Number Five: You were asked to state whether any party to this litigation has made any admission concerning any aspect of this litigation and what the admission is. If the admission is in writing, you were asked to append a copy of the admission to this document. Your response after a long objection which is claimed to be overbroad and unduly burdensome was to state that I should see admissions located within documents produce in discovery. It was requested that you provide the admission, which should be identified as an admission and appended to your responses.

Interrogatory Number Eight asked that you document what the experts areas of expertise are and whether there are treatises and journals that the experts will rely upon in rendering an opinion in this matter. You failed to provide a responsive answer to this request.

Interrogatory Number Nine: You were asked to identify the names of all cases in which the expert has rendered an opinion and provide the docket numbers for each case and append a copy of the decision. You failed to provide a responsive answer.

Interrogatory Number Ten: You were asked to state whether Defendants or any witnesses to this action have any convictions or criminal history. You failed to provide a responsive answer.

Interrogatory Number Twelve: You were asked to state what efforts were made to investigate all denied allegations of Plaintiff's complaint. You failed to answer this question.

Interrogatory Number Thirteen: You were asked to provide information about all persons who provided information to the investigator and the substance of the information

provided to the investigator. You failed to provide an answer to this question.

<u>Interrogatory Number Fourteen:</u> You were asked to identify the insurance company implicated in this action, policy number, insurance limits, address of the insurance company and the adjustor's name> You failed to answer the question. It should be clear that information is sought about the insurance policy which will be used to satisfy this litigation.  Please provide responsive answers as what has been provided fails to answer the question.

<u>Interrogatory Number 15</u> asked that if the Defendants and or non-parties communicated about the subject matter of this lawsuit that the date, place, communication and persons present be provided.  You failed to provide an appropriate answer.

<u>Interrogatory Number Seventeen</u> requested that any person Defendant intends to rely upon at the time of trial for purposes of offering lay opinion testimony be identified and a summary of the opinion provided. You failed to answer this question.

<u>Interrogatory Number Nineteen</u>  requested that computers used by the Defendants be  identified. You failed to answer this question.

<u>Interrogatory Number Twenty</u> asked that you identify each of the named Defendants that have been named in a complaint filed with the EEOC or the Division of Civil Rights and details of the basis and the outcome.  You failed to answer the question.

<u>Interrogatory Number Twenty-One</u>  asked that each Defendant who is the subject of a lawsuit filed by other personnel on the job be identified as well as the basis for the lawsuit. You failed to answer this question. This information is not

confidential and the Plaintiff is entitled to a responsive answer and the provision of the information requested.

<u>Interrogatory Number Twenty-Three</u> asked that each person that gave a statement be identified and the substance of the statement should be provided. You failed to identify the documents sought. To state that the documents were produced in discovery without identification of the documents is unresponsive to this question.

<u>Interrogatory Number Twenty-Four</u> requested information about whether a declaration against interest had been made. Your answer is deficient and unresponsive.

<u>Interrogatory Number Twenty-Five</u> sought information about admissions. Your answer is unresponsive.

Please provide fully responsive answers to the noted interrogatories and provide the information to which the Plaintiff is entitled. If you wish to discuss this notice, please call my office at (732) 956-0010.


Sincerely,

<u>/S/    Luretha M. Stribling</u>